No. 748

GRUNDSTEIN REALTY CO. et v. RICH-
LAND REAL. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6141. Decided Jan. 25, 1926

Judges Pardee, Funk & Washburn, 9th Dist.,
sitting.

257. COMMISSIONS—Where a commission
is to be paid to agent in exchange of proper-
ties "for consummating a deal for my prop-
erty," the contract, escrow agreement and
other instruments and surrounding circum-
stances will be taken into consideration to
show an intention that the consummation was
to be upon the transfer of title to property
and not upon the signing of the contract by
the parties.

FUNK, J.

The Gerald Richland Realty Co. sued C. B.
Grundstein in the Cuyahoga Common Pleas
for services in consummating a deal for the
exchange of certain real estate with Grund-
stein and C. C. Bleil. In a written agreement,
Grundstein promised to pay the Realty Co.
$1000 for consummating the deal.

The case was tried to the court and judg-
ment was rendered for the Realty Co. for
$1000. Error was prosecuted and it was com-
plained that the judgment was manifestly
against the weight of the evidence. The Realty
Co. contended that the deal was consummated
upon the signing of the contract between
Grundstein and Bleil, while Grundstein con-
tends that the deal was not to be consum-
mated until the transfer of properties was
completed as provided in the contract and es-
crow agreement; and that by Bleil's inability
to give good title to his property it was not
consummated and the Realty Co. is not en-
titled to a commission. The Court of Appeals
held:

1. Whether the words "for consummating
a deal for my property with C. C. Bleil on his
properties" has reference to the time of sign-
ing the contract or to the time of transferring
the titles is the question upon which the de-
termination of this case is predicated.

2. The contract between Grundstein &
Bleil for exchange of the properties signed
on the same day as the commission agree-
ment (Jan. 23, 1923) contained a stipulation
that the deal was to be consummated on Feb.
10, 1923.

3. From this, it seems that the deal was
not to be consummated until the actual trans-
fer of title and all things had been done as
provided for in the contract.

4. It was further provided that in case
Grundstein was unable to acquire title through
no fault of his own, he was not to be liable
for a breach of this contract or to the Realty
Co. for commissions.

5. Construing the words "for consummating
a deal" in light of surrounding circumstances
together with other written instruments, the
parties had reference to the time of the trans-
fer of title and not to the time of the sign-
ing of the contract.

Judgment reversed and cause remanded.

Attorneys—Harry A. Blachman for Grund-
stein Co.; M. C. Nuddleman for Richland Co.;
both of Cleveland.

No. 749
WITHROW et v. SPRAGUE et
Ohio Appeals, 1st Dist., Hamilton Co.
No. 2777. Decided March 29, 1926

297. CONTRACTS—1. Defendant cannot
claim that under contract, it has the right to
decide whether contractor has fully performed,
when contractor alleged full and complete per-
formance.

2. Such arbitrary finding would be even be-
yond the bounds a court might go.

HAMILTON, J.

James Sprague brought an action against
the Board of Education in the Hamilton Com-
mon Pleas claiming a balance due on a contract
for services as janitor in public schools. The
Board denied full performance on part of
Sprague, claiming it had the right to annul
the contract under its terms; and filed a cross
petition for its breach.

The Board's answer averred that Sprague
expressly waived in a letter, his rights to re-
cover the money. The parties agreed to let the
court render judgment for the party entitled
thereto; and Sprague had judgment rendered
in his favor. Error was prosecuted and the
Court of Appeals held:

1. It must be recognized that if the case
was heard on the pleadings, the allegations of
full performance by Sprague must be taken as
true; and that the finding by the Board to the
contrary would be purely arbitrary.

2. If the waiver was an offer for payment
of the admitted amount due and a compromise
of the balance, the Board finding that there
was not full performance would be arbitrary,
since the record does not show that any com-
promise was ever effected.

Judgment affirmed.

Attorneys—John D. Ellis and Ed. F. Alexan-
der for Board; Dinsmore, Shohl & Sawyer for
Sprague et; all of Cincinnati.